IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROY EUGENE USSERY, <br> TDCJ-CID No. 02204802, <br><br> Plaintiff, <br><br> v. <br><br> UNINCORPORATED ASSOCIATION OF <br> R.P. "SKIP" CORNELIUS AND ROY <br> USSERY, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § | 2:24-CV-00128-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is a Motion to Amend or Request for Liberal Construction and Appointment of Counsel (the "Motion") filed by Plaintiff Roy Eugene Ussery ("Ussery"). (ECF 10). For the reasons stated below, the Magistrate Judge recommends that the District Court *sua sponte* dismiss this Complaint for lack of subject matter jurisdiction.

## I. BACKGROUND FACTS

Ussery filed this Complaint on June 12, 2024, against Defendant Unincorporated Association of R.P. "Skip" Cornelius and Roy Ussery and various state and local entities involved, directly or indirectly, with the criminal charges filed against Ussery in Harris County, Texas. (*Id*. at 2). The Complaint alleges that the Court has subject matter jurisdiction arising "through transactions related to Cause No. 1459846 in the 33rd Judicial District Court of Harris County, Texas, therefore this court being in Harris County, TX, has jurisdiction to hear it." (*Id*. at 1).

After reviewing Ussery's pleadings, the Court questioned whether it has subject matter jurisdiction over this action because the allegations in the Complaint regarding Defendants'

1

citizenship are insufficient to satisfy its burden of establishing subject matter jurisdiction based on diversity of citizenship, and Ussery has not alleged a federal question cause of action. Consequently, the Court ordered Ussery to file an Amended Complaint on or before July 18, 2024, curing the jurisdictional defect. (ECF 8). Ussery was warned that failure to do so would result in this Court's recommendation that this case be dismissed for lack of subject matter jurisdiction. Ussery did not file an Amended Complaint; instead, on July 19, 2024, he filed the Motion, in which he proposed a number of ways to construe his original Complaint, none of which cures the jurisdictional deficiency.

## II. LEGAL ANALYSIS

### A.  Subject Matter Jurisdiction.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at

any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp.*, 841 F.2d at 1258. A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). Citizenship of an unincorporated association is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2).

A federal court also has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. Whether an action "arises under" federal law and creates federal question jurisdiction ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).

### B. Ussery Fails to Allege Subject Matter Jurisdiction.

In the Motion, Ussery first explains that he assigned interest in this lawsuit to R.P. "Skip" Cornelius, which includes "any patent, copyright, trademark, real property and other legal interests which are transferable." (ECF 10 at 1). Presumably, he intends to assert that the Court has federal question jurisdiction. However, the Complaint itself alleges only state-law fraud and Texas Deceptive Trade Practices Act claims. Therefore, it is not clear from the face of the Complaint that this Court has federal question jurisdiction. "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) (citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

Because Ussery asserts only state-law claims, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000.00 for this Court to have subject matter jurisdiction. 28 U.S.C. § 1446(c)(2). Ussery bears the burden of establishing by a preponderance of the evidence that the parties are completely diverse. *De Aguilar v. Boeing Co. (De Aguilar I)*, 11 F.3d 55, 58 (5th Cir. 1993). Ussery's Motion does not cure the Complaint by providing the citizenship of the Defendants. Instead, he explains his plan to substitute himself in as a party in Cornelius' stead via FED. R. CIV. P. 17 and 19 if Cornelius does not want to pursue this matter. Even assuming that Ussery's substitution plan were viable, the Court still would need subject matter jurisdiction before it could occur.

Ussery next suggests that his Complaint should be treated as a "Rule 60 Motion to Investigate Fraud on the Court." (ECF 10 at 3). However, Rule 60(d)(3) states only that Rule 60 "does not limit a court's power to … set aside a judgment for fraud on the court" and does not confer subject matter jurisdiction.

Lastly, Ussery asks the Court to consider his Complaint as a petition to perpetuate testimony. However, Ussery already has filed such a petition, which the Court previously ruled is not proper in this Court. *See* Case No. 2:24-cv-44-Z-BR, styled *Roy Eugene Ussery v. R.P. "Skip" Cornelius* ("*Ussery v. Cornelius*"). On March 4, 2024, Ussery filed a petition requesting a deposition to perpetuate testimony pursuant to FED. R. CIV. P. 27. (*Ussery v. Cornelius*, ECF 3). Ussery sought to depose Cornelius, his former attorney who Ussery alleges is terminally ill, for use in Ussery's pending habeas corpus case, among other matters.

Without ruling on the appropriateness of the request, the Court noted that Cornelius resides in Houston, Texas, which is located in the U.S. District Court for the Southern District of Texas, Houston Division. Rule 27 requires that a petition to perpetuate testimony must be filed "in the district court for the district where any expected adverse party resides." FED. R. CIV. P. 27. The Court noted that each "expected adverse party" listed by Ussery in his petition appeared to reside in the Southern District; therefore, the Court transferred the petition to the Southern District. (*Ussery v. Cornelius*, ECF 4). In this case, as in Ussery's previous petition, each Defendant appears to reside in the Southern District. Presumably, the Southern District is addressing the previous petition. Even if it is not, Ussery's request to perpetuate testimony must occur in the district in which the potential defendant resides, and there is no indication that any of the defendants resides in the Northern District of Texas, Amarillo Division.

In short, Ussery alleges state law claims only against defendants who appear to not have diverse citizenship; therefore, his recourse is in state court, not federal court. Because this Court has no subject matter jurisdiction, this case should be dismissed without prejudice and all pending motions terminated.

### C. Leave to Amend.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not necessary, however, when the plaintiff already has pleaded his best case. *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). Ussery was given leave to amend and properly allege subject matter jurisdiction; he either cannot or will not do so. Therefore, allowing Ussery further attempts to amend is unnecessary.

### RECOMMENDATION

For the reasons stated above, the District Court should DISMISS this case without prejudice for lack of subject matter jurisdiction, and terminate all pending motions (ECF 4, 10).

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 22, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the

fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).