IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROY EUGENE USSERY, TDCJ-CID No. 02204802, *Plaintiff*, v. UNINCORPORATED ASSOCIATION OF R.P. "SKIP" CORNELIUS AND ROY USSERY, *et al.*, *Defendants*. | 2:24-CV-128-Z-BR |

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction ("FCR") (ECF No. 11). Plaintiff filed objections to the FCR on August 6, 2024 ("Objections") (ECF No. 13). There, "Ussery requests transfer to Houston, rather than dismissal . . . of the [petition] to perpetuate testimony." *Id.* at 2.

But the Court lacks subject matter jurisdiction over this action, and Plaintiff's Objections do not overcome that finding. *See* ECF No. 11. Thus, the Court must dismiss the case, foreclosing a simultaneous transfer. *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) ("A court's dismissal of an action results in an appealable final order, making a transfer invalid because the court no longer has authority over the matter . . . . [W]e conclude the court validly dismissed the action. This resulted in an appealable final order, making the transfer invalid.").

After making an independent review of the pleadings, files, and records in this case, the Court concludes that the FCR is correct. It is therefore **ORDERED** that the FCR is **ADOPTED**

and Plaintiff's Complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

The Clerk is hereby directed to **TERMINATE** Plaintiff's pending motions (ECF Nos. 4, 10).

**SO ORDERED.**

August 21, 2024.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE